UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF KERN, *et al.*,<br><br>   Defendants. | Case No. 1:25-cv-00913-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 4)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Randomly Assign District Judge</u> |

Plaintiff DeCheri Hafer is proceeding pro se in this civil rights action. The case was transferred, *sua sponte*, to this Court by the Court where Plaintiff commenced the action (the Central District of California) on July 24, 2025. *See* (Doc. 6).

For the reasons set forth below, Plaintiff fails to adequately plead exhaustion as to claims brought pursuant to state law, improperly includes claims for habeas relief, and her claims as alleged are barred by the applicable statute of limitations.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed a motion to proceed in forma pauperis without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 4). The Court finds Plaintiff has made the showing required

by § 1915, and the request to proceed *in forma pauperis* ("IFP") shall be granted. See 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint where the plaintiff proceeds *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) "applies to all *in forma pauperis* [proceedings], not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

## II.   SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint proceeding IFP and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato*, 70 F.3d at 1106 (district court has discretion to dismiss IFP complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming s*ua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez*, 203 F.3d at 1130.

///

///

### A. Federal Rule of Civil Procedure 8(a)

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, although a court accepts as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line between the possibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.  DISCUSSION

Plaintiff names as Defendants the County of Kern; the United States of America; the Bakersfield Police Department; the Kern County Sheriff's Office; the Lerdo Pre-Trial Facility; Shobhana Patel; Bharatkumar Patel; and Shobhanaben Shobhana Bharatbhat. (Doc. 1 at 2-3). Plaintiff seeks compensatory damages. *Id*. at 31-37.

As a preliminary matter, Plaintiff does not connect Shobhana Patel, Bharatkumar Patel, and Shobhanaben Shobhana Bharatbhat with any of the claims set forth in the complaint. Additionally, the federal government cannot be a defendant in a section 1983 action because it is not a "person" for purposes of section 1983. Thus, Plaintiff fails to state any claims against the United States. *See District of Columbia v. Carter*, 409 U.S. 418, 424-425 (1973).

As set forth below, Plaintiff brings claims that are time-barred, potentially unexhausted, or improperly brought in a section 1983 action.

#### A. Plaintiff's Claims Are Time-Barred

As Plaintiff's complaint is lengthy, the Court will summarize the assertions therein in brief. Plaintiff alleges that she was arrested on March 12, 2017, and "released innocent" without being proven guilty of any crime, "denied a judge and jury trial and due process." She asserts that the arrest was conducted by the Bakersfield Police Department ("BPD") and she served "680 days innocent in jail." She alleges that the BPD "violated [her] right to search and seizure under the [Fourth] Amendment … by breaking into [her] home without a warrant," and destroyed her door and her property, utilized excessive force, seized her vehicle, "put [her] in Napa Hospital," and forced "Plaintiff to take involuntary medications." Plaintiff asserts BPD had no warrant to enter her

4

1 | home and the acts committed constituted a hate crime. *Id.* at 8, 29. Plaintiff asserts numerous causes
2 | of action arising from said arrest and subsequent incarceration. *See id.*

3 |       A time-barred claim may be dismissed at the screening stage when expiration of the
4 | applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796
5 | F.3d 1021, 1026-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at*
6 | *Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the
7 | ground that it is barred by the applicable statute of limitations only when "the running of the statute
8 | is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th
9 | Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it
10 | is barred by the statute of limitations "if the assertions of the complaint, read with the required
11 | liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot
12 | be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would
13 | establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc.*
14 | *v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

15 |       Section 1983 does not contain a statute of limitations. Without a federal limitations period,
16 | the federal courts "apply the forum state's statute of limitations for personal injury actions, along
17 | with the forum state's law regarding tolling, including equitable tolling, except to the extent any of
18 | these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d
19 | 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir.
20 | 2007)).

21 |       California's statute of limitations for personal injury claims is two years. Cal. Civ. P. Code
22 | § 335.1. The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner
23 | serving a term of less than life, which gives such prisoners effectively four years to file a federal
24 | suit. *See id.* § 352.1(a).

25 |       The applicable statute of limitations begins to run upon accrual of the plaintiff's claim.
26 | *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Federal law determines when a civil rights
27 | claim accrues. *Gibbs v. Farley*, 723 F. App'x 458 (9th Cir. 2018) (citing *Canatella*, 486 F.3d at
28 | 1133). A claim accrues under federal law when the plaintiff knows or has reason to know of the

1  injury forming the basis of his action. This is normally on the date of injury. *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994).

In this action, the event giving rise to Plaintiff's claims occurred on March 12, 2017. (Doc. 1 at 8). Thus, unless Plaintiff is entitled to the benefit of equitable tolling, at the latest, her claim became time-barred as of March 12, 2021.

"Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." *Id.* (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining applicability of equitable tolling, lower courts are directed to consider the extent to which defendant had notice of the instant claims in an earlier action, prejudice to the defendant, and the plaintiff's good faith in filing the second claim. *See Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *see also Mimms v. Lewis*, 698 F. App'x. 522, 522 (9th Cir. 2017) (finding prisoner not entitled to equitable tolling because he "failed to demonstrate good faith and reasonable conduct") (unpublished).

In conducting this balancing here, the Court is mindful of the public policy interest in ensuring prompt resolution of legal claims and ensuring fairness to defendants such that they may defend the case while witness memories and evidence have not materially deteriorated. The Court balances these equities against any injustice Plaintiff will suffer were his claims rejected on grounds of untimeliness. Here, the Court does not discern from the allegations in Plaintiff's complaint that she was incapable of timely litigating her claims or that enforcing California's statutory tolling regimes would result in a fundamental unfairness. As set forth above, Plaintiff was on notice of the bases of her current claims in March 2017 when she allegedly suffered her injury. Given Plaintiff's extraordinary delay in filing this action, the Court finds equitable tolling inapplicable. As such, Plaintiff's claims brought pursuant to section 1983 and arising from her arrest on March 12, 2017, are time-barred.

6

### B. Plaintiff Fails to Allege Exhaustion of State Law Claims

To the extent Plaintiff is attempting to pursue state law claims, those claims fare no better. As an initial matter, under California law, the Government Claims Act requires exhaustion of those claims with the relevant state agencies, and Plaintiff is required to specifically allege compliance in her complaint – which Plaintiff has failed to do here. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007), *abrogated on other grounds by statute as recognized in Rubenstein v. Doe No. 1*, 221 Cal. 3d 761 (Cal. 2017); *Harris v. Escamilla*, 736 F. App'x 618, 621–22 (9th Cir. 2018).

Furthermore, the Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice).

### C. Plaintiff Improperly Includes Habeas Corpus Claims

Plaintiff improperly brings habeas corpus claims in this section 1983 action. She asserts that she was denied a fair trial and denied a public defender. (Doc. 1 at 22-23). Federal law allows two main avenues for relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under 42 U.S.C. § 1983; *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). If a favorable challenge would not "necessarily lead to [a petitioner's] immediate or earlier release from confinement," the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). In contrast, requests for relief turning on circumstances of confinement may be presented in a section 1983 action. *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

Habeas actions and section 1983 prisoner civil rights cases "differ in a variety of respects—

7

such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*; 830 F.3d at 935-36 (citations omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should not recharacterize a pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). Additionally, monetary damages are available in a section 1983 action but not in a habeas petition. *See Shivers v. On Habeas Corpus*, No. CV F 06-1811 OWW DLB HC, 2007 WL 177853, at *1 (E.D. Cal. Jan. 23, 2007) (citing *McCarthy v. Bronson*, 500 U.S. 136 (1991)), *report and recommendation adopted*, No. 1:06-CV-01811-OWW-DLB HC, 2007 WL 1192428 (E.D. Cal. Apr. 23, 2007).

Plaintiff's claims of a denial of a fair trial and denial of access to a public defender are properly brought in a petition for habeas corpus and may not be asserted in a section 1983 action. Additionally, it appears to the Court from the language of Plaintiff's complaint, the form of mailing of her complaint, and the lack of an institutional identification number that Plaintiff may no longer be incarcerated. If Plaintiff is, in fact, no longer incarcerated or under supervised release, any relief pursuant to a petition for habeas corpus would be rendered moot. *See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001) (explaining that completion of entire sentence moots habeas appeal, but appeal from a petitioner on supervised release is not mooted because success "could alter the supervised release portion of [the] sentence") (quotation and citation omitted).

### IV.     CONCLUSION

The Clerk of the Court is DIRECTED to assign a district judge to this case.

For the foregoing reasons, it is **HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Doc. 4) is GRANTED.

And it is **RECOMMENDED** that:

1. Plaintiff's claims arising from her March 12, 2017, arrest be DISMISSED as time-barred, with leave to amend in the event Plaintiff can assert claims that are not barred by applicable statutes of limitation.
2. Defendant the United States of America be DISMISSED from this action.

8

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 3, 2025**

UNITED STATES MAGISTRATE JUDGE