UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00913-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS TIME-BARRED<br><br>Doc. 9<br><br>**30-DAY DEADLINE** |

Plaintiff DeCheri Hafer is proceeding pro se and in forma pauperis in this civil rights action. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2025, the assigned magistrate judge issued findings and recommendations to dismiss as time-barred plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Doc. 9 at 6. The magistrate judge separately found that the federal government cannot be a defendant in a section 1983 action and, accordingly, recommended dismissal of defendant United States of America. *Id.* at 4, 8. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one days

1 after service.[1] *Id.* at 9. No objections were filed and the time to do so has passed.

2     In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of
3 this case. While a plaintiff may seek compensation for the violation of his or her constitutional
4 rights during a previous criminal trial in a 42 U.S.C. § 1983 action, *see Soo Park v. Thompson*,
5 851 F.3d 910 (9th Cir. 2017), the findings and recommendations correctly conclude that
6 plaintiff's claims are time barred and that plaintiff failed to properly allege that plaintiff
7 exhausted any state law claims.

8     The findings and recommendations also correctly found that the United States cannot be
9 a defendant in a 42 U.S.C. § 1983 action. Doc. 9 at 4. To the extent plaintiff seeks to name the
10 United States as a defendant for alleged violations of plaintiff's constitutional rights, plaintiff
11 might be able to allege a claim pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of*
12 *Narcotics*, 403 U.S. 388 (1973).[2] However, plaintiff's complaint fails to specify how the United
13 States or a federal officer is involved in the alleged misconduct. If plaintiff chooses to file an
14 amended complaint, plaintiff must indicate how each defendant is involved in the alleged
15 misconduct.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///

---

[1] On October 15, 2025, the findings and recommendations were returned by the U.S. Postal Service marked "Undeliverable, Not Deliverable as Addressed." Nevertheless, the Court's service is deemed fully effective pursuant to Local Rule 182(f).

[2] In *Bivens* actions, courts apply the state's statute of limitations for personal injury claims. *Kreines v. United States*, 959 F.2d 834, 836 (9th Cir. 1992) (citing *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991)). In California, personal injury claims have a two year statute of limitations, which may be tolled for two years during a prisoner's incarceration and may also be subject to other tolling provisions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Accordingly:

1. The findings and recommendations issued on September 4, 2025, Doc. 9, are adopted as set forth above;

2. Plaintiff's claims are dismissed, with leave to amend; and

3. **Within 30 days** of entry of this order, plaintiff must file:

    a. A first amended complaint bringing claims that are not time-barred and not unexhausted; *or*

    b. A notice of intent not to file a first amended complaint; *or*

    c. A notice of voluntary dismissal of this action.

4. **Failure by plaintiff to timely comply with this Order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   November 3, 2025

_____
UNITED STATES DISTRICT JUDGE